UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OREN M. WELBORN                                CIVIL ACTION

VERSUS                                         NO. 11-532

ST. BERNARD PARISH GOVERNMENT        SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by the defendant St. Bernard Parish Government ("St. Bernard"). Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiff seeks damages for the alleged denial of his due process under the Fifth and Fourteenth Amendment and for the wrongful taking of property. The plaintiff's home in St. Bernard had been damaged in Hurricane Katrina and subsequently demolished by the defendant. According to the complaint, the plaintiff had attended several hearings "to advise the status of repairs" to his home since 2008, had been "working with" organizations to obtain funds to raise the home at the time of the demolition in March 2011 and "attempted to make amicable demand via an appointment" with the parish president in March and April 2010 "all to no avail." Rec. Doc. 1.

In this motion, the defendant argues that the federal claim for wrongful taking under the Fifth Amendment is not ripe because the plaintiff has not used available state procedures for "inverse condemnation" and has not been denied just compensation. Rec. Doc. 26. In opposition to the motion to dismiss, the plaintiff argues that the defense argument is "generally correct," but that the state remedies are insufficient because any judgment by a state court "may not be paid for many years or even decades."

The issue of ripeness is a jurisdictional one. *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff as the party asserting jurisdiction bears the burden of proof of demonstrating subject matter jurisdiction on a motion to dismiss under Fed.R.Civ.P. 12(b)(1). *Id.* A complaint is subject to dismissal if it appears that the plaintiff can not prove a plausible set of facts that establish jurisdiction as determined by the complaint alone, the complaint supplemented by undisputed facts or the complaint plus the court's resolution of disputed facts. *Id.* The motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*

The basis of the plaintiff's taking claim is in the Fifth Amendment prohibition: "nor shall private property be taken for public use without just compensation." In order

to establish a valid taking claim, there must be a taking and the plaintiff must be denied just compensation for the property. *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1996). Property demolitions may constitute takings. *John Corp. v. City of Houston*, 214 F.3d 573, 579 (5th Cir. 2000). In order to establish a Fifth Amendment Takings Clause violation, the plaintiff must show that he was denied just compensation through state procedures. *Id.* at 581. According to the complaint, "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County*, 473 U.S. at 194. A plaintiff who has not utilized the state procedures must prove that any attempt to seek compensation through the state procedures would have been futile or inadequate. *Liberty Mutual Insurance Co. v. Louisiana Department of Insurance*, 62 F.3d 115, 117 (5th Cir. 1995).

  Louisiana law provides an action for inverse condemnation when property is wrongfully taken. *Louisiana, through Dept. of Transporttion & Development v. Chambers*, 595 So.2d 598, 602 (La. 1992). The plaintiff here admits that he did not use the state procedures for redress and has not been denied compensation as a result of that process. Instead, he argues futility in opposition to this motion based on the

anticipated delay in being paid on any judgment against the defendant. Assuming that this fact is accurate, the Court finds that it is insufficient to constitute the required futility as a matter of law. *See Side By Side Redevelopment, Inc. v. City of New Orleans*, 2010 WL 3946961 (E.D.La. 2010). In addition, any procedural due process claim is also unripe until the takings claim can be assessed. *John Corp.*, 214 F.3d at 585.

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the defendant St. Bernard Parish Government is GRANTED. Rec. Doc. 26.

New Orleans, Louisiana, this 25th day of November, 2013.

                                               HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT COURT